**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PENNSYLVANIA RESIDENTIAL REAL | : | |
| ESTATE MANAGEMENT AND | : | |
| DEVELOPMENT CORPORATION, | : | |
|     1329 Lombard Street | : | CIVIL ACTION No. _____ |
|     Philadelphia, PA 19147 | : | |
| | : | |
|             Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| PAULA B. IVES, | : | |
|     150 Fieldpoint Drive | : | |
|     Irvington, NY 10533 | : | |
| | : | |
|             Defendant. | : | |

<u>COMPLAINT</u>

Plaintiff, Pennsylvania Residential Real Estate Management and Development

Corporation, brings this civil action against Defendant, Paula B. Ives, and in support thereof,

avers as follows:

<u>Nature of the Action</u>

1.      This is an action to recoup funds loaned by, and other personal property owned

by, the Plaintiff.

<u>Parties</u>

2.      Plaintiff, Pennsylvania Residential Real Estate Management and Development

Corporation ("PA Mgt." or the "Corporation"), is a Pennsylvania real estate management

company with an office at 1329 Lombard Street, Philadelphia, Pennsylvania.

3.      PA Mgt. manages real estate located in Philadelphia, Pennsylvania.

4.      Defendant, Paula B. Ives ("Ives"), is a resident of the State of New York.

Jurisdiction and Venue

5.     This Honorable Court has diversity jurisdiction to adjudicate this matter pursuant to 28 U.S.C. §1332 as the parties are citizens of different states and the matter in controversy exceeds $75,000.

6.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(a) as this is the judicial district in which a substantial part of the events giving rise to the claims occurred.

The Loans to Ives

7.     Throughout most of the relevant time period, PA Mgt. was operated by Leonard Stolker ("Mr. Stolker"), Ives' father.

8.     Mr. Stolker passed away in February 2015.

9.     On January 17, 2012, Mr. Stolker caused PA Mgt. to make a loan of $100,000.00 to Ives (the "Loan"), which she used to purchase her home.

10.     Ives never repaid the Loan.

11.     On July 20, 2015, PA Mgt. made written demand for the repayment of the Loan by July 23, 2015.

12.     To date, no payment has been made by Ives.

13.     Ives presently owes Pa Mgt. the principal amount of the Loan, plus interest at a rate of 6% per annum from January 17, 2012 to the date of payment of the Loan.

The Cellular Phones

14.     Ives is presently in possession and/or control of three cellular phones purchased by PA Mgt. (the "Phones").

15.     Two of the Phones have been used by Ives, and the third was used by Mr. Stolker prior to his death.

16.     The Phones are the property of PA Mgt.

17.     The Phones are believed to contain text messages and other information relevant to this litigation and/or other litigation instituted by Ives against PA Mgt.

18.     PA Mgt. has made demand upon Ives to return the Phones, and, to date, she has refused to do so.

19.     Ives has deleted text messages and/or other information from one or more of the Phones.

**COUNT I**
**Breach of Contract**
**(Failure to Repay Loans)**

20.     PA Mgt. incorporates by reference the preceding paragraphs as if fully set forth herein.

21.     Upon the issuance of the Loan, PA Mgt. and Ives entered into a lawful and binding contract to repay the Loan, with interest.

22.     Ives is legally obligated to repay the Loan, with interest.

23.     PA Mgt. has performed all of its contractual obligations associated with the Loan.

24.     Ives has breached her contractual obligations by failing to repay the Loan.

25.     As a direct and proximate result of Ives' breach of the Loan, PA Mgt. has incurred damages in excess of $100,000.

WHEREFORE, Plaintiff respectfully requests the following relief:

   a.     Compensatory damages in excess of $100,000;

   b.     Interest at a rate of 6% per annum from January 17, 2012 to the date of payment of the Loan;

   c.     Attorney's fees; and

3

d.      Such other relief as this Court deems just and appropriate.

## COUNT II
### Breach of the Contractual Duty of Good Faith and Fair Dealing

26.     PA Mgt. incorporates by reference the preceding paragraphs as if fully set forth herein.

27.     Upon the issuance of the Loan, PA Mgt. and Ives entered into a lawful and binding contract.

28.     Ives is legally obligated to repay the Loan, with interest.

29.     PA Mgt. has performed all of its contractual obligations associated with the Loan.

30.     Ives has a contractual duty to act in good faith and deal fairly with PA Mgt. with respect to the Loan.

31.     Ives has breached her contractual duty of good faith by failing to repay the Loan.

32.     As a direct and proximate result of Ives' breach of her duty of good faith and fair dealing, PA Mgt. has incurred damages in excess of $100,000.

33.     This claim is being asserted as additional grounds for breach of contract.  It is not being brought as a claim for tortious conduct.

WHEREFORE, Plaintiff respectfully requests the following relief:

a.      Compensatory damages in excess of $100,000;

b.      Interest at a rate of 6% per annum from January 17, 2012 to the date of payment of the Loan;

c.      Attorney's fees; and

d.      Such other relief as this Court deems just and appropriate.

## COUNT III
## Unjust Enrichment

34.     PA Mgt. incorporates by reference the preceding paragraphs as if fully set forth herein.

35.     PA Mgt. has conferred benefits upon Ives which include the proceeds of the Loan.

36.     Ives has appreciated those benefits, and accepted and retained those benefits.

37.     Those benefits were conferred upon Ives under circumstances which make it inequitable for Ives to retain those benefits without payment of value.

38.     As a direct and proximate result of Ives' retention of those benefits, PA Mgt. has incurred damages in excess of $100,000, and continues to be damaged.

WHEREFORE, Plaintiff respectfully requests the following relief:

    a.     Compensatory damages in excess of $100,000;

    b.     Interest at a rate of 6% per annum from January 17, 2012 to the date of payment of the Loan;

    c.     Attorney's fees; and

    d.     Such other relief as this Court deems just and appropriate.

## COUNT IV
## Replevin and Injunctive Relief

39.     PA Mgt. incorporates by reference the preceding paragraphs as if fully set forth herein.

40.     During the relevant time period, PA Mgt. purchased the Phones.

41.     The Phones are the property of PA Mgt.

42.     Ives is presently in possession and/or control of the Phones.

43.     PA Mgt. has made demand upon Ives to return the Phones, and, to date, she has

refused to do so.

       44.     PA Mgt. has an absolute right to possession of the Phones.

       45.     The Phones contain information relevant to this litigation and/or a related litigation.

       46.     Ives has deleted text messages and/or other information from one or more of the Phones.

       47.     PA Mgt. is entitled to a judgment requiring Ives to return the Phones to PA Mgt., and prohibiting her from deleting or altering any information contained in the Phones, or otherwise altering their condition and ability to operate prior to their return to PA Mgt.

       WHEREFORE, Plaintiff respectfully requests the following relief:

         a.     An order requiring Ives to return the Phones to PA Mgt. forthwith;

         b.     An order prohibiting her from deleting or altering any information contained in the Phones, or otherwise altering their condition and ability to operate prior to their return to PA Mgt.;

         c.     Attorney's fees; and

         d.     Such other relief as this Court deems just and appropriate.

       Jacobs Law Group, PC

Date:  December 31, 2015

       Richard E. Miller, Esq.
       Attorney I.D. #46451
       Neal A. Jacobs, Esq. I.D.
       Attorney I.D. #41918
       2005 Market Street, Suite 1120
       Philadelphia, PA 19103
       (215) 569-9701
       Attorneys for Plaintiff,
       Pennsylvania Residential Real Estate
       Management and Development Corporation