IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PENNSYLVANIA RESIDENTIAL REAL ESTATE MANAGEMENT AND DEVELOPMENT CORPORATION**<br>              Plaintiff, | :<br>:<br>:<br>:<br>: |
| v. | :   **CIVIL ACTION NO. 15-6874** |
| **PAULA B. IVES**<br>              Defendant | :<br>:<br>:<br>: |
| **PAULA B. IVES, in her individual capacity, and derivatively on behalf of Juniper East Associates, L.P., 1825 Spruce Street Associates, L.P., 2011 Spruce Street Associates, L.P., and 1912 Spruce Street Associates, L.P.**<br>              Counterclaim Plaintiff(s) | :<br>:<br>:<br>:<br>:<br>:<br>: |
| v. | : |
| **PENNSYLVANIA RESIDENTIAL REAL ESTATE MANAGEMENT AND DEVELOPMENT CORPORATION, 1329 LOMBARD STREET CORPORATION, and ROBERT STOLKER,**<br>              Counterclaim Defendants | :<br>:<br>:<br>:<br>:<br>: |
| and | : |
| **JUNIPER EAST ASSOCIATES, L.P., 1825 SPRUCE STREET ASSOCIATES, L.P., 1912 SPRUCE STREET ASSOCIATES, L.P., and 2011 SPRUCE STREET ASSOCIATES, L.P.:**<br>              Nominal Counterclaim Defendants. | :<br>:<br>:<br>:<br>: |

<u>**MEMORANDUM OPINION**</u>

**Rufe, J.**                                                                                                   **December 1, 2016**

**I.      INTRODUCTION**

What appeared at first blush to be a fairly straightforward contractual dispute between

two parties has been expanded into a complex corporate governance dispute with its roots in a

family conflict. Pennsylvania Residential Real Estate Management and Development Corporation ("Pennsylvania Management") sued Paula Ives, alleging that Paula[1] had failed to repay a $100,000 loan made in 2012 and seeking the return of three cell phones that Pennsylvania Management owned. Pennsylvania Management invoked this Court's diversity jurisdiction, as it is a Pennsylvania corporation and Paula is a citizen of New York.

Paula filed an answer to the Complaint that asserted a "Direct Counterclaim and Verified Derivative Counterclaim."[2] The Counterclaims assert causes of action not only against Pennsylvania Management, but also against Robert Stolker (Paula's brother and a New Jersey resident) and 1329 Lombard (a Pennsylvania corporation) relating to the management of several Pennsylvania limited partnerships: Juniper East, 1825 Spruce, 1912 Spruce, and 2011 Spruce (collectively, the "Partnerships"), all of which own residential apartment buildings in Philadelphia.[3] Paula alleges that she owns 25% of the capital stock in Pennsylvania Management and 1329 Lombard, and is a limited partner with a 24.75% ownership interest in the Partnerships.

According to Paula, Robert is also a limited partner with a 24.75% interest in the Partnerships, as are non-parties Leah Stolker and Risa Stolker (both sisters to Paula and Robert). Pennsylvania Management is alleged to be the sole general partner of 1825 Spruce, 1912 Spruce, and 2011 Spruce, with the remaining 1% ownership interest in each of these partnerships. Similarly, 1329 Lombard is alleged to be the sole general partner of Juniper East with a 1%

---

[1] As will be seen, a number of interested individuals share a surname, and therefore all individuals will be referred to by their first names for clarity.

[2] Paula had filed a complaint in state court alleging these claims, but voluntarily discontinued that action in favor of asserting the Counterclaims in this litigation.

[3] The parties dispute whether the claims against parties other than Pennsylvania Management are properly referred to as counterclaims or third-party claims; for ease of reference the Court will refer herein to all of Paula's affirmative claims as "the Counterclaims."

ownership interest. All of the siblings' holdings in the Partnerships came from their father, Leonard Stolker, who died in 2015. Paula alleges that Robert now directs the Partnerships through Pennsylvania Management and 1329 Lombard, and in that capacity has caused distributions of cash or other assets of the Partnerships to Paula's siblings, but not to Paula, and that Robert has allowed some of the siblings to live rent-free in apartments owned by the Partnership, and therefore is wasting Partnership assets. Specifically, Paula asserts the following Counterclaims: Breach of Fiduciary Duty against Pennsylvania Management, 1329 Lombard, and Robert (Count I); Action to Inspect Corporate Books and Records against Pennsylvania Management and 1329 Lombard (Count II); and Mismanagement and Waste of Partnership Assets against Pennsylvania Management, 1329 Lombard, and Robert (Count III).[4]

Two motions to dismiss or strike the Counterclaims have been filed; one by Robert and one by Pennsylvania Management, 1329 Lombard, and the Partnerships. Movants argue that Paula lacks capacity to bring a claim for direct injury to the Partnerships, that she lacks standing to sue Pennsylvania Management because she is not a shareholder, that the direct Counterclaims are not properly brought under the Federal Rules of Civil Procedure, and that the derivative Counterclaims would destroy diversity of citizenship and are not authorized by the Federal Rules.[5]

---

[4] Count III is brought by Paula derivatively on behalf of the Partnerships.

[5] As Paula notes, the memorandum of law in support of the motion filed by Pennsylvania Management, 1329 Lombard, and the Partnerships exceeded this Court's page limitation without seeking leave to do so. The Court nevertheless has considered all of the arguments raised, but expects counsel to comply with the Court's policies and procedures in the future.

## II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[6] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[7] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[8] Something more than a mere *possibility* of a claim must be alleged; a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[9] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[10]

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may raise either a facial or a factual challenge. A facial challenge alleges a failure to plead jurisdictional prerequisites, whereas a factual challenge alleges that the prerequisites for jurisdiction do not in fact exist.[11] When faced with a factual challenge, the

---

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[7] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[8] *Twombly*, 550 U.S. at 555, 564.

[9] *Id.* at 570.

[10] *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation mark omitted).

[11] *CNA v. U.S.*, 535 F.3d 132, 139 (3d Cir. 2008).

Court may "review evidence outside the pleadings" and make a factual determination as to whether the Court has jurisdiction.[12]

### III. DISCUSSION

#### A. The Direct Counterclaims

Movants argue first that Paula lacks standing to bring a direct, rather than a derivative, claim because the injuries alleged accrue to the Partnerships and not to Paula herself. Paula alleges that Robert and the corporations denied Paula "access to the Corporations'/Partnerships' books and records" and failed to make "similar distributions to [Paula], an equally situated limited partner with" Robert, Leah, and Risa.[13] Movants contend that the tax returns and other documents show that no distributions were made to any of the limited partners, and that Paula really alleges that Robert used the assets of the Partnerships to benefit himself and his other two sisters. Robert also argues that he has no fiduciary duty to Paula and that Paula has not alleged a basis for piercing the corporate veil, as he is not a general partner.

The Court is bound to accept as true the allegations of the Counterclaims on a motion to dismiss, and cannot consider evidence (or references to evidence) that Movants argue contradict (or elucidate) the Counterclaims. To the extent Movants seek to position this argument as a factual challenge to Paula's ability to meet the requirements for subject-matter jurisdiction, Movants have not produced evidence sufficient for the Court to so conclude, not least because the evidence submitted is not self-authenticating and no affidavits have been proffered. Paula

---

[12] *United States ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

[13] Counterclaim at ¶ 36.

plausibly has alleged an injury directed to her, and has alleged that the named parties directly participated in the wrongdoing, and that suffices for present purposes.[14]

For similar reasons, Movants' arguments that Paula cannot assert a claim because she is not a shareholder of Pennsylvania Management must fail. Movants acknowledge that the tax returns for Pennsylvania Management treat all four siblings as equal shareholders/limited partners but argue that this is an error, and produce a March 2002 resolution of the Board of Directors of Pennsylvania Management that identifies Robert as the sole shareholder of the corporation, which they state is the "only document in the corporate books which identifies any of the four Stolker siblings as a shareholder" in Pennsylvania Management.[15] Again, even if the Court were to consider Movant's evidence (unsupported by affidavit), there is plainly a factual dispute, acknowledged by Movants, that precludes determination of the issue at this time.

### B. The Derivative Counterclaims

Movants argue that there can be no diversity jurisdiction in a derivative action involving limited partnerships, because the limited partnership takes the citizenship of all of its general and limited partners, including the partner filing the action, as Paula has done here. Therefore, the Derivative Counterclaims properly may be asserted in this Court only pursuant to the Court's exercise of supplemental jurisdiction under 28 U.S.C. § 1367.[16] Movants further argue that

---

[14] The cases relied upon by Movants, *Hill v. Ofalt*, 85 A.3d 540, 549 (Pa. Super. Ct. 2014) and *Weston v. Northampton Personal Care, Inc.*, 62 A.3d 947 (Pa. Super. Ct. 2013), do not compel a contrary result. In *Hill*, the injuries alleged were dependent upon and derivative to the corporate injury. *Hill*, 85 A.3d at 442. The decision in *Weston* was based upon a full trial record, *Weston*, 62 A.3d at 960, whereas this Court may consider only Paula's allegations.

[15] Reply at 3.

[16] The statute provides in relevant part that:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts

supplemental jurisdiction does not exist because the Counterclaims are not part of "the same case or controversy" as the claims in the Complaint. In other words, Movants argue that the Counterclaims are permissive, not compulsory, and therefore require an independent basis for jurisdiction rather than relying upon supplemental jurisdiction.[17]

A compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim,"[18] while a permissive counterclaim is defined as "any claim that is not compulsory."[19] "For a claim to qualify as a compulsory counterclaim, there need not be precise identity of issues and facts between the claim and the counterclaim; rather, the relevant inquiry is whether the counterclaim bears a logical relationship to an opposing party's

---

shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367.

[17] *See Aldens, Inc. v. Packel*, 524 F.2d 38, 52 (3d Cir. 1975).

[18] Fed. R. Civ. P. 13(a)(1)(A).

[19] Fed. R. Civ. P. 13(b).

claim."[20] "[A] counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts."[21] "Such a duplication is likely to occur when the claims involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties."[22] Having carefully reviewed the claims, the Court concludes that the claims and counterclaims all stem from disputes arising in the wake of Leonard's death, and are offshoots, albeit in different directions, from that root. Therefore, the Court may exercise supplemental jurisdiction over the derivative claims.[23]

Movants also argue that the Court should decline to exercise supplemental jurisdiction over the derivative claims because they would substantially predominate over the other claims.[24] However, given that the Court already has jurisdiction over the direct claims, and given that all parties raise only state-law claims, the Court cannot conclude that the derivative claims would so predominate as to warrant declining jurisdiction.[25]

### IV. CONCLUSION

For the reasons set forth above, the motions to dismiss will be denied. An appropriate order will be entered.

---

[20] *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 389 (3d Cir. 2002) (internal quotation marks and citation omitted).

[21] *Great Lakes Rubber Corp. v. Herbert Cooper Co., Inc.*, 286 F.2d 631, 634 (3d Cir. 1961); *cited in Vukich v. Nationwide Mut. Ins. Co.*, 68 F. App'x 317, 319 (3d Cir. 2003).

[22] *Transamerica*, 292 F.3d at 390.

[23] The same reasoning applies to the joinder of the additional parties under Federal Rules of Civil Procedure 13(h), 19, and 20.

[24] 28 U.S.C. § 1367.

[25] *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966).